Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction



## UNITED STATES DISTRICT COURT

for the

District of Arizona

# CV 18-0531 TUCCKJ

| | |
|---|---|
| Dale Gorney, VA Healthcare Receiver | ) Case No. _____ |
| _Plaintiff_ | ) |
| | ) |
| -v- | ) |
| | ) |
| | ) |
| Southern Arizona VA Health Care System; | ) |
| Dr. John Lees, Assistant Chief of Primary Care and Community Services; | ) |
| Dr. Christopher C. Mullen, Physician, Primary Care; | ) |
| _Defendant(s)_ | ) |
| | ) |

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

| | |
|---|---|
| Name | Dale Gorney |
| Street Address | 9362 S. Valerie Dr. |
| City and County | Tucson; Pima County |
| State and Zip Code | Arizona 85736-2620 |
| Telephone Number | (520) 822-2045 |
| E-mail Address | gorneydale@yahoo.com |



B.      The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | Southern Arizona VA Health Care System (SAVAHCS) |
| Job or Title *(if known)* | N/A |
| Street Address | 3601 S. Sixth Avenue |
| City and County | Tucson;  Pima County |
| State and Zip Code | Arizona 85723 |
| Telephone Number | (520) 792-1450 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Dr. John Lees  (SAVAHCS) |
| Job or Title *(if known)* | Assistant Chief of Primary Care and Community Services |
| Street Address | 3601 S. Sixth Avenue |
| City and County | Tucson;  Pima County |
| State and Zip Code | Arizona 85723 |
| Telephone Number | (520) 792-1450 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Dr. Christopher C. Mullen (SAVAHCS) |
| Job or Title *(if known)* | Primary Care Physician (PCP) |
| Street Address | 3601 S. Sixth Avenue |
| City and County | Tucson;  Pima County |
| State and Zip Code | Arizona 85723 |
| Telephone Number | (520) 792-1450 |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.



Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

A.    **Basis for Jurisdiction.  Federal Question**

        1.  Controlled Substances Act; Title 21 Chapter 13 Subchapter (I)(812)(901)(903)
        2.  Fourteenth Amendment;  Constitution of United States
        3.  Ninth Amendment;  Constitution of United States
        4.  Tenth Amendment;  Constitution of United States
        5.  Article One;  Constitution of United States
        6.  Article Two;  Constitution of United States
        7.  Article Three;  Constitution of United States
        8.  American with Disabilities Act Title II (42 U.S.C. § 12101)

III.    **Statement of Claim**

    A.    Where did the events giving rise to your claim(s) occur?

        1.  Southern Arizona VA Health Care System (SAVAHCS).  Tucson, Arizona

B. What date and approximate time did the events giving rise to your claim(s) occur?

      1. January 2018 to present time

C.     What are the facts underlying your claim(s)?

I am a Viet Nam Veteran. On or about April of 2014 I qualified for VA healthcare at the SAVAHCS. And at that time all the medications I was taking prior to that were transferred over to the SAVAHCS.

On or about January 2018, my Primary Care physician, Dr. Mullen, during a scheduled doctor office visit decided, and I agreed, to reduce one of my pain medications, Hydrocodone and Acetaminophen (Vicodin), from 30 tablets a month, which is the quantity that has been prescribed to me since 2014, to 15 tablets a month. But instead of the 15 tablets we agreed on, Dr. Mullen discontinued the medication completely [without warning] or [consultation]. **(American with Disabilities Act Title II, Denied Benefits claim; Fourteenth Amendment, substantive due process claim)**

I am 63 years old. My left knee joint has severe joint degeneration which causes sharp pain, dull pain, nerve pain, swelling pain and other forms of discomfort from pinching, binding, and dislocating. I [cannot] run, or stand in one place for long periods of time, or walk long distances without this medication. I work 50 hours a week. It is a debilitating knee joint that hinders my job performance as well as my private life activities.

The two prescription pain medications I was taking for knee pain were 1) Hydrocodone and Acetaminophen (Vicodin) and 2) Tramadol. I am still taking Tramadol, but it is not effective all the time. The synergistic effect or combined effect of both medications provides the safe and effective pain relief.

When the Controlled Substance Act of 1970 was enacted, the Federal Government has controlled certain [drugs] (I call them medications) in the United States through various agencies. Some of these agencies are: 1) The Food and Drug Administration (FDA). 2) The Center for Disease Control (CDC). 3) The United States Attorney General. 4) Health, Education, and Welfare. 5) The Drug Enforcement Agency (DEA).

The DEA has the power to regulate and classify all medications that the FDA approves as [safe] and [effective]. And if the DEA perceives that certain [medications] are abused or have potential for abuse, then the DEA can classify these medications as controlled substances. The DEA has a Class system ranging from (I) through (V) with Class V being the lowest potential for abuse and Class II being the highest potential for abuse. Class I drugs [are] drugs of abuse that have no medical purpose. Class II medications contain, at this point-in-time, now that Hydrocodone and Acetaminophen (Vicodin) have been added, basically consist of all opiate containing medications.

Over the approximate time span from 2013 to 2018, the DEA interpreted that Hydrocodone and Acetaminophen (Vicodin) should be moved from a Class III up to a Class II. Hydrocodone and Acetaminophen (Vicodin) is also an opiate medication with potential for abuse. Mostly by teenagers that take this medication from their parents without their knowledge. There are some other reasons too. But the DEA calls all doctors "pill mills."

Moving on. I called the VA Whitehouse Hotline on or about August 26, 2018. Shortly thereafter on or about September 6, 2018, Dr. Lees called me at my home. Dr. Lees canceled my October doctor appointment with Dr. Mullen. Dr. Lees told me that Dr. Mullen would continue to fill my prescriptions until I was assigned another doctor. It has been two months already, and I still don't have a primary care doctor.



If it were not for the DEA's Class system, I would not be "denied access" to the, Hydrocodone and Acetaminophen (Vicodin).  Therefore, the DEA Controlled Substance Act, Chapter 13, Subchapter( I )(B)(812)(903) in are federalist system is not in the public's interest for the people of the United States who suffer from chronic (long term) pain, and the CSA all but blocks access to the people's right to civilized, competent  pain management .

The CSA medication class system is unconstitutional because it violates the medical necessity need for these medications.  The CSA class system revolves around the words drug abuse.  When the CSA uses defined words like "Drug Abuse," then the CSA falls outside the constitutional purview of the federal government's authority when control of these "medications" are in the federal governments hands.

To further the point, the CSA upsets the balance of power between federal authority, state rights, and/or [W]e the people of the United States, and therefore should be ruled unconstitutional.

My complaint further alleges that these said Defendant's executed acts, policies, procedures, customs, and training (or lack of training) in violation of Mr. Gorney's federal rights under the Tenth and Fourteenth Amendment of the Constitution.  I also allege that the defendant's strong arm tactics are a coercive method of forcing people like me into a full knee replacement surgery, which of course, would also be performed at the SAVAHCS, by blocking access to this pain medication, Hydrocodone and Acetaminophen (Vicodin).  I therefore further allege, that the defendant's knew of this unlawful conduct and approved it, knew of this unlawful conduct and ratified it by inaction, and/or are deliberately indifferent to my medical needs.

My federal questions:

1)  Are prescription medications [a] property right?

2) Are prescription medications controlled by the CSA [a] property right?

3) If medications are a property right, including CSA controlled substance medications, do I have a right to that property if it is held by the United States?

4) Did congress exceed their Article I powers when they enacted the Controlled Substance Act of 1970?


IV.    Irreparable Injury


I now have to live and work without this medication, Hydrocodone and Acetaminophen (Vicodin).  It has been ten months without this medication, and now I suffer from debilitating stomach ulcers caused by over-the-counter pain medication Ibuprofen.  I was hospitalized at the VA in January 2016 with stomach ulcers from taking Ibuprofen.  Now I take more than three times that amount of Ibuprofen.  I now take my prescription pain medication "Tramadol" for ulcers and knee pain.

5

Because the VA is blocking access to this medication, Hydrocodone and Acetaminophen (Vicodin), Dr. Mullen, Dr. Lees and the VA are denying me the right to [pursue] Life, Liberty and Happiness.

V.    Relief

My VA primary care physician Dr. Mullen agreed, and I agreed, to reduce the quantity of the medication Hydrocodone and Acetaminophen (Vicodin) from 30 tablets a month to 15 tablets.  I am now asking the court for an injunction to stop the defendants from blocking access to this medication and prescribe this medication without further delay in a quantity of 30 tablets a month while I am still active and productive at work or in home.  This demand is also made without reduction or elimination of my other medications that I have already been prescribed. This includes Controlled substance Class IV Tramadol for pain, as well as, Controlled substance Class IV Alprazolam for anxiety.
This list also includes my RX controlled medication Fluoxetine for depression.

VI.    Certification and Closing

        Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the
        requirements of Rule 11.

    A.    For Parties Without an Attorney

        I agree to provide the Clerk's Office with any changes to my address where case related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

        Date of signing:

        10-30-2018

        Signature of Plaintiff  Pro Se

        Printed Name of Plaintiff

        DALE  GORNEY

        (6)