**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Gorney, | No. CV-18-00531-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Veterans Administration, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's affidavit alleging bias and prejudice (Doc. 11). The Court will construe Plaintiff's affidavit as a Motion to Reassign Judge. In its Motion, Plaintiff claims this Court is biased against Plaintiff, requiring judge reassignment, and cites 28 U.S.C. §144, which provides:

> Whenever a party to any proceeding in a district court makes and files a **timely** and **sufficient** affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. (emphasis added).

Plaintiff alleges that in a prior case, 4:13-CV-00023-CKJ, this Court "[a]llied with the defendants. Favored the government. Showed bias towards plaintiff by lacking the

necessary skills to point to what case law controls." (Doc. 11). For a party to make a proper 28 U.S.C. §144 showing, he must prove: (1) timeliness and (2) sufficiency.

### 1. Timeliness

The general rule with respect to timeliness is that "[w]hile there is no per se rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (internal citation and quotations omitted); *see also United States v. Bigley*, No. CV-14-00729-PHX-HRH, 2017 WL 3432370, at *3 (D. Ariz. Aug. 10, 2017) ("The Ninth Circuit has not defined a fixed time after which a party is held to have untimely filed a recusal motion after ascertaining grounds for such a motion. However, it is generally held that parties that suspect possible bias or prejudice toward them must not withhold filing recusal motions until their dispute has been resolved on the merits.").

The anxiety surrounding an untimely affidavit largely relates to a party's attempt to use a recusal motion to manipulate proceedings and receive an additional adjudication of their dispute. *See E. & J. Gallo Winery*, 967 F.2d at 1295 (holding that the absence of a timeliness requirement "would encourage parties to withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple."). Plaintiff filed his complaint on October 30, 2018 and this case was assigned to this Court that same day. (Doc. 1 and Doc. 2). Plaintiff's affidavit followed 13 days after on November 13, 2018. (Doc. 11). It is clear that Plaintiff filed his affidavit "with reasonable promptness". Plaintiff has therefore met the timeliness requirement for a proper 28 U.S.C. §144 showing.

### 2. Sufficiency

The next inquiry is whether Plaintiff's affidavit is sufficient. The substantive standard for recusal under 28 U.S.C. § 144 is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citing

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "It should further be preliminarily stated that 28 U.S.C. s 144 must be given the utmost of strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977)

Plaintiff's only stated reasons for requesting a reassignment is the Court's ruling in a prior case which Plaintiff was involved in. Plaintiff alleges this Court favored the government and showed bias towards the Plaintiff by neglecting to cite controlling case law. (Doc. 11). Plaintiff's bare-bones affidavit fails to provide any supporting facts, evidence, or even what case law the Court allegedly failed to cite to, and does not raise any proper grounds for recusal. *See Hernandez v. Brewer*, No. CV-11-01945-PHX-JAT, 2017 WL 6554673, at *2 (D. Ariz. Dec. 22, 2017), appeal dismissed, No. 18-15164, 2018 WL 3690419 (9th Cir. May 21, 2018) ("The mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144 does not amount to sufficient proof.").

Ordinarily, to make a sufficient showing pursuant to § 144, the movant must provide evidence of a judge's impartiality that stems from an "extrajudicial source". *Liteky v. United States*, 510 U.S. 540, 544 (1994). "A motion for recusal ordinarily may not be based on prior rulings in the proceeding, or any proceeding, solely because they were adverse." *Woodard v. Barnum*, No. CV 09-135-PHX-NVW, 2009 WL 10673490, at *4 (D. Ariz. July 17, 2009) (internal citations and quotations omitted). Even "[i]f the rulings in question were utterly wrong, that would not be a basis for disqualification because it would not be grounded in an extrajudicial source." *Id.*

Plaintiff's allegations that the Court ignored case law are not accompanied by any specific showing of what case law the Court ignored, or any evidence that the Court expressed an improper antagonism towards Plaintiff. Plaintiff's affidavit "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). "Allegations that are merely conclusory are not legally sufficient." *Hernandez v. Brewer*, No. CV-11-01945-PHX-JAT,

2013 WL 997459, at *1 (D. Ariz. Mar. 13, 2013).

    Plaintiff's allegations that the Court ignored case law and evidence are grounds for appeal, not for recusal. *Hernandez*, 2017 WL 6554673, at *3. Furthermore, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (internal citations and quotations omitted). The Court finds that Plaintiff has not met the sufficiency requirement for a proper 28 U.S.C. §144 showing.

    IT IS HEREBY ORDERED:

    Plaintiff's Motion to Reassign Judge (Doc. 11) is denied.

    Dated this 12th day of December, 2018.

*(signature)*
Honorable Cindy K. Jorgenson
United States District Judge