**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Gorney,<br><br>            Plaintiff,<br><br>v.<br><br>Veterans Administration, et al.,<br><br>           Defendants. | No. CV-18-00531-TUC-CKJ<br><br>**ORDER** |

      Pending before the Court is Plaintiff's filing titled: Required Joinder of Parties. (Doc. 15). The Court will construe Plaintiff's filing as a motion for joinder of additional parties. Defendants have not filed a response. In his Motion, Plaintiff states that the Attorney General of the United States is a required party to be joined. Plaintiff's underlying allegations involve his alleged inability to receive certain medications from his medical provider at the Southern Arizona Veterans Affairs Health Care System ("SAVAHCS").

      In his Complaint, Plaintiff states that as a Vietnam Veteran, he qualifies for healthcare at SAVAHCS and has been treated there since April 2014. (Doc. 1, pg. 4). Plaintiff states that in January 2018, he and his primary care physician, Dr. Christopher Mullen, agreed to reduce his pain medication Hydrocodone-Acetaminophen (commonly referred to as Vicodin), from his regular 30 tablets per month, to 15 tablets per month. *Id.* Plaintiff alleges that instead of the agreed upon 15 tablets per month, Dr. Mullen discontinued the medication completely without warning, or consultation. *Id.*

…

Plaintiff then describes how the government controls certain medications through various agencies and lists the United States Attorney General as one such agency. *Id.* Plaintiff further explains how the Drug Enforcement Administration classifies Vicodin as a Class II drug – described by Plaintiff as having "the highest potential for abuse," and how "[i]f it were not for the DEA's Class system, [he] would not be 'denied access' to [his medication]". (Doc. 1, pgs. 4-5). Plaintiff further alleges that the DEA's classification system is unconstitutional because it violates his medical need for Vicodin. Although Plaintiff claims that the DEA's classification system resulted in his denial of access to Vicodin, Plaintiff does not explicitly allege that Dr. Mullen or any other healthcare provider at SAVAHCS denied him his medication due to DEA regulations. Despite Plaintiff's numerous allegations, it appears that his only requested relief is for an injunction to prohibit the Defendants from impeding his access to Vicodin.

In Plaintiff's Motion for Joinder (Doc. 15), Plaintiff provides no explanation or evidence to explain why the Attorney General of the United States is a required party to be joined and merely cites Fed. R. Civ. P. 19(1)(A) as the basis for his motion. Plaintiff's likely intent was to cite Fed. R. Civ. P. 19(a)(1)(A) as Fed. R. Civ. P. 19(1)(A) does not exist.

Fed. R. Civ. P. 19(a)(1)(A) provides:

(a) Persons Required to Be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or

As is evident, joinder is only appropriate in this case if the Court cannot accord complete relief among the existing parties without the presence of the United States Attorney General. Pursuant to Fed. R. Civ. P. 19(a)(1)(A), joinder is not required here. While Plaintiff's Complaint includes an allegation contesting the constitutionality of medication regulation by, among other agencies, the United States Attorney General, his

ultimate demand is for injunctive relief, which can be granted without the involvement of the United States Attorney General. Furthermore, it is unclear why Plaintiff specifically requests joinder of the United States Attorney General. He claims that the government controls certain medications through various agencies including: the Food and Drug Administration, the Center for Disease Control, the United States Department of Health, Education, and Welfare, and the Drug Enforcement Administration. Plaintiff has not alleged that the United States Attorney General has had a larger role in the control of certain medications than the other listed agencies. However, like the other agencies listed, the United States Attorney General is only tangentially relevant to Plaintiff's claims, at best.

Although "[t]here is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . The determination is heavily influenced by the facts and circumstances of each case. **It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication** and who have a separate cause of action entirely." *Bakia v. Los Angeles Cty. of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982) (emphasis added). Ultimately, the United States Attorney General is a party that is not essential for just adjudication in this case and joinder is neither required, nor proper.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Joinder (Doc. 15) is **denied**.

Dated this 12th day of April, 2019.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge